```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

COREY WASHINGTON                    *

      vs.                          *   CIVIL NO. MJG-15-1565
                                                  (Criminal No. MJG-13-0169)

UNITED STATES OF AMERICA           *

\*  \*  \*  \*  \*  \*  \*  \*  \*

## MEMORANDUM AND ORDER

The Court has before it Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [Document 66] and the materials submitted relating thereto.  The Court finds that a hearing is unnecessary.

On April 13, 2013, Petitioner was convicted on a plea of guilty to a charge under 18 U.S.C. § 1951(a).  On January 6, 2014, the Court imposed the sentence of 120 months incarceration pursuant to a plea agreement wherein Petitioner agreed to a sentence in the range of 120 to 150 months.

Petitioner did not appeal from the sentence. By the instant Motion, filed May 29, 2015, pursuant to 28 U.S.C. § 2255, Petitioner seeks to have his conviction and sentence vacated. However, 28 U.S.C. § 2255 provides for a one-year period of limitations for filing motions to vacate a sentence with exceptions not here relevant.

As pertinent to the instant motion, the one-year filing period runs from the date that the judgment of conviction became final.  28 U.S.C. § 2255(1).  In United States v. Dorsey, 988 F. Supp. 917 (D. Md. 1998), Judge Legg of this Court held that a judgment becomes final for this purpose on the date that a petitioner can no longer pursue a direct appeal.  Accord Clay v. United States, 537 U.S. 522, 525 (2003) ("For the purposes of starting the clock on § 2255's one-year limitation period, we hold, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction.").

   Sentence was imposed on January 6, 2014 and Judgment was entered January 8, 2014. Inasmuch as Petitioner had waived his appellate rights in the plea agreement, one could view the Judgment as being final on that date.  However, Petitioner could have timely filed a Notice of Appeal within ten days of the entry of Judgment even though the appeal would have been subject to dismissal.  Accordingly, the Court concludes that the appropriate date for finality of the judgment is January 18, 2014.  Thus, the instant motion had to be filed by January 20[1], 2015.  It was filed some four months late.

---

[1] January 18, 2015 was a Sunday and the following Monday was a holiday.

Petitioner has presented no reason why the instant motion should be deemed timely filed.  Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [Document 66] is DENIED.

SO ORDERED, on Tuesday, October 20, 2015.

/s/
Marvin J. Garbis
United States District Judge